UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD LYNN CALKINS,

Petitioner,

Case Number 2:11-CV-13396
Honorable Lawrence P. Zatkoff

v.

SHERRY BURT,

Respondent.
_______________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Michigan prisoner Gerald Lynn Calkins ("Petitioner"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to first-degree criminal sexual conduct and child sexually abusive activity in the Kalkaska Circuit Court. He was sentenced to concurrent terms of 25-to-50 years imprisonment for the sexual conduct conviction and 160-to-240 months imprisonment for the abusive activity conviction. Petition raises claims concerning the validity of his sentence, and the effectiveness of trial and appellate counsel. The matter is before the Court on Respondent's motion for summary judgment to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

The Court reviewed the pleadings and state court record, and finds that the habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed. Also, neither a certificate of appealability nor leave to proceed in forma pauperis on appeal are warranted.

**II. Facts and Procedural History**

Petitioner's convictions arise from the sexual molestation of his minor brother. Petitioner pled guilty on July 9, 1997, to one count of first-degree criminal sexual conduct and one count of child sexually abusive activity.

Following sentencing, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. On July 9, 1998, the court denied the application for lack of merit on the grounds presented. *People v. Calkins,* Mich. Ct. App. No. 208721 (July 9, 1998). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, and on April 27, 1999, it was denied by form order. *People v. Calkins*, 459 Mich. 979 (1999) (unpublished table decision).

On October 8, 1999, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied this motion in an order dated March 20, 2000. Petitioner appealed this decision, and on December 8, 2000, the Michigan Court of Appeals denied his application for leave to appeal. *People v. Calkins*, Mich. Ct. App. No. 227403 (Dec. 8, 2000). Petitioner appealed again, and on April 30, 2001, the Michigan Supreme Court denied Petitioner relief. *People v. Calkins,* 463 Mich. 1015 (2001) (unpublished table decision).

On May 21, 2009, the prisoner filed a "motion for resentencing and evidentiary hearing." The trial court construed the motion as a second motion for relief from judgment and dismissed it. under Michigan Court Rule 6.502(G)(2). Petitioner attempted to appeal the dismissal, but on November 19, 2009, the Michigan Court of Appeals dismissed the application for leave to appeal as a successive motion for relief from judgment prohibited under Rule 6.502(G). *People v. Calkins,* Mich. Ct. App. No. 294842 (Nov. 19, 2009). Finally, on September 27, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal under the same court rule.

Petitioner signed and dated his present application for habeas relief on August 2, 2011.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., governs the filing date because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period proscribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Petitioner's direct appeal ended when the Michigan Supreme Court denied leave to appeal on April

27, 1999. Petitioner's conviction became final 90 days later, on July 27, 1999, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Accordingly, Petitioner was required to file his federal habeas petition on or before July 27, 2000, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on October 8, 1999. At that point, 73 days of the one-year period had expired. Petitioner's motion and related appeals remained pending in the state courts, thereby tolling the one-year period, until April 30, 2001, when the Michigan Supreme Court denied leave to appeal. Petitioner then had 292 days, or until February 18, 2002, to file his federal habeas petition. Petitioner did not sign and date his habeas petition until August 2, 2011—about nine and one-half years after the one-year period had expired. Petitioner's second attempted state post-conviction proceeding did not act to toll the limitations period because it had already expired.

Petitioner has not alleged or shown that the State created an impediment to the filing of his federal habeas petition, nor has he alleged or shown that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. Petitioner's habeas action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has held that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, U.S. , 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Supreme Court stated that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden to demonstrate that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

Petitioner attempts to demonstrate that he is entitled to equitably tolling by arguing that he is intellectually impaired and requires the assistance of other inmates to prepare his legal pleadings. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *See Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Possible mental retardation or mental illness is not a per se reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F.Supp.2d 761, 767-68 (E.D. Mich. 2002). Mental illness can be a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, No. 05-CV-71298-DT, 2006 U.S. Dist. LEXIS 6509, 2006 WL 416189, *5 (E.D. Mich. Feb.21, 2006).

Here, Petitioner has not demonstrated the degree of impairment necessary to justify tolling of the statute of limitations for a nine and one-half year period. Petitioner attaches a copy of a psychological assessment performed on him in 1977, when he was twelve years old and in the 6th grade. The assessment showed an IQ in the third percentile, and Petitioner was placed in special education classes. Petitioner, however, did learn to read and write. This is demonstrated by the fact that at the sentencing hearing he read a letter he had written into the record:

> I want the Court to know how terribly sorry I am and how bad I feel about all those things. I want to be a good person. I know I have good in me because people see it in me, and I have a desire to help others, not hurt them.

> I know that I have a serious flaw. I know that it can and will be corrected. With counseling and hard work and some time, I will meet my goal to become a good productive human being. And Fred Hempthorne, my counselor from Community Mental Health, said that I have been going in the right direction and he sees a positive future that I will be a good contributor. I know that counseling helps me a great deal.
>
> I have found a deep faith in God through these hard times. If I hadn't found Him, I would probably be dead from the confusion and guilt be now. I have found structure and deep comfort in the Bible. Whatever happens, it will be God's will and He will be with me through it all, and I will be a better person for it.
>
> I feel sick for all the things I have done and the terrible - the trouble and the pain I've caused. And it give me great sorrow, but I need to feel sorrow, the better, for me to be a better person.
>
> I have a hate for what I've done, but I don't hate the Court. I respect the law, so I will go to prison with a good heart knowing that all things in the law work for the better good for all of us. Thank you for hearing me.

Sent. Tr. at 12-13.

Even if Petitioner has some intellectual limitations, he has not shown that these limitations rise to the level necessary to justify the near decade-long delay in filing his habeas petition.

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

**IV. Conclusion**

The Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to

statutory or equitable tolling, and that the statute of limitations precludes habeas review of his claims. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling in this case debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 17, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290